UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STORYLINES GLOBAL INC.,

                Plaintiff,

-against-

ROBERT FONG,

                Defendant.

24-CV-05825 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff Storylines Global Inc. commenced this action on July 31, 2024, more than three months ago. Since then, Plaintiff has failed to file proof of service on the docket and has failed to respond to two Court orders, one of which warned Plaintiff that failure to timely serve Defendant would result in dismissal of the action for failure to prosecute. For the reasons that follow, this action is dismissed, *sua sponte*, without prejudice under Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed its complaint in this action on July 31, 2024. *See* Dkt. No. 1. As such, the deadline for Plaintiff to serve Defendant was October 29, 2024. *See* Fed. R. Civ. P. 4(m).

    On August 1, 2024, the Court issued an order that (i) scheduled an Initial Pretrial Conference for October 2, 2024; (ii) set a deadline of September 25, 2024, for the parties to file a joint letter and proposed Civil Case Management Plan; and (iii) directed Plaintiff's counsel to serve a copy of the Court's Order and the Court's Individual Rules & Practices upon Defendant's counsel (or upon Defendant, if unaware of the identity of Defendant's counsel) and file proof of such service with the Court. *See* Dkt. No. 6. Plaintiff's counsel never filed proof of service of the August 1 Order. In addition, the parties did not file the joint letter or proposed Civil Case Management Plan as scheduled and Plaintiff's counsel provided no communication whatsoever to the Court regarding the missed deadline. On September 26, 2024, the Court adjourned the Initial Pretrial Conference and ordered Plaintiff to file proof of service of the Complaint and Summons, or a waiver of service, by no later than October 29, 2024 (the deadline to serve under Rule 4(m)). *See* Dkt. No. 7. The Court gave express notice that Plaintiff was required to file such proof of service by October 29 "or risk dismissal of this action for failure to prosecute." *See id.* Despite this clear notice, Plaintiff has to date failed to file proof of service of the summons and complaint, has had no communication with the Court since the Complaint was filed on July 31, 2024, and Defendant has not appeared in this action.

## DISCUSSION

    Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant

or order that service be made within a specified time."

Here, more than 90 days have passed since the filing of the complaint, and Plaintiff has not filed proof of service on the docket. Moreover, the Court already notified Plaintiff that the action would be dismissed if Plaintiff did not file proof of service by October 29, 2024. Therefore, the action is dismissed without prejudice under Rule 4(m). *See Ungaro v. Aaron*, No. 24-cv-00339 (RA), 2024 WL 3678437, at *1 (S.D.N.Y. Aug. 5, 2024).

Rule 41(b) of the Federal Rules of Civil Procedure supplies an additional basis for dismissing the action. "Under [Rule 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Plaintiffs here have not complied with any Court orders. More than three months have passed since Plaintiff commenced the action on July 31, 2024, *see* Dkt. No. 1, more than three months have passed since the Court ordered Plaintiff to serve on Defendant a copy of the Court's Order scheduling a conference, *see* Dkt. No. 6, and nearly six weeks have passed since the Court ordered Plaintiff to file proof of service or a waiver of service by no later than October 29, 2024, *see* Dkt. No. 7. Not only has Plaintiff failed to comply with these orders, but there has been no effort to offer any explanation or seek adjournment or extension of the Court's directives and deadlines. Plaintiff's more than three-month period of inaction weighs in favor of dismissal.

In addition, Plaintiff was on notice that failure to comply could result in dismissal. On September 26, 2024, the Court warned Plaintiff that failure to file proof of service or a waiver of service by October 29, 2024, could result in dismissal of the action for failure to prosecute. *See id.* As of the date of this Order, Plaintiff has still failed to file proof of service upon Defendant and has not contacted the Court in any way to seek an extension or explain its failure to comply with Rule 4(m) and with the Court's Order. There is no end in sight to Plaintiff's delay.

Further, the Court has a strong interest in managing its docket and cannot wait indefinitely for Plaintiff to turn its attention to this case. Plaintiff has been reminded of its obligations and has expressly been warned that failure to serve Defendant would result in dismissal of the case. Moreover, "'it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket' where [Plaintiff has] 'made no effort to comply with the Court's orders or to prosecute this case." *Ungaro*, 2024 WL 3678437, at *2 (internal marks omitted) (quoting *Antonio v. Beckford*, 05-cv-02225 (KMK),

2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)).  Thus, the balancing of interests favors dismissal.

Finally, in light of Plaintiff's failure to respond to any of the Court's orders, the inability of the Court or of any party to proceed in this case unless and until Plaintiff serves Defendant, and the mandates of Rule 4(m), the Court finds that no sanction other than dismissal is adequate. *See id.*  Because the dismissal is based on Plaintiff's failure to serve under Rule 4(m), the dismissal is without prejudice.  *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

For all of the reasons stated above, it is hereby ORDERED that this case is dismissed without prejudice.  The Clerk of Court is directed to CLOSE the case.

Dated: November 6, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3